UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES VONDEZ HORNE,

    Petitioner,

v.                                                         CASE NO. 6:06-cv-317-Orl-31JGG

JAMES MCDONOUGH, et al.,

    Respondents.

_____

**ORDER**

On July 20, 2006, pursuant to this Court's Order of June 14, 2006 (Doc. No. 8), Respondents filed a response (Doc. No. 9) to Petitioner's petition for writ of habeas corpus relief (Doc. No. 7). In the response to the petition, Respondents addressed only the issue of the timeliness of Petitioner's petition. Petitioner filed a reply (Doc. No. 13) to the response asserting that the petition was timely filed because the petition was initially filed on March 13, 2006. In the response to the petition, Respondents indicate that Petitioner had until March 29, 2006, in which to file a petition for habeas relief. *See* Doc. No. 9 at 4.

The docket sheet reflects that Petitioner's petition was initially executed on March 8, 2006, and initially received by the Clerk of the Court on March 13, 2006 (Doc. No. 1). However, the Court dismissed the petition on April 27, 2006, for failure to pay the filing fee (Doc. No. 4). On May 3, 2006, Petitioner paid the filing fee, and filed an amended petition (Doc. No. 7), dated May 5, 2006, which is identical to the March 8, 2006 petition except for the date on the petition. Thereafter, on May 19, 2006, the Court reopened the case and vacated its April 27, 2006 Order of Dismissal (Doc. No. 6). In light of the Order vacating the Order of Dismissal, Petitioner filed his

petition before March 29, 2006, making the petition timely pursuant to Respondents' calculation.

Accordingly, it is **ORDERED:**

    (a)    Respondents shall, within **TWENTY (20) DAYS** from the date of this Order, file a response, entitled "Second Response to Amended Petition," indicating why the relief sought in the petition should not be granted.

    (b)    As part of the Second Response to Amended Petition required by paragraph (a) of this Order, Respondents shall also:

> State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondents waive the exhaustion requirement. Thompson v. Wainwright, 714 F.2d 1495 (11th Cir. 1983).

    (e)    The Clerk is directed to send a copy of this Order, the amended petition, and any supporting documentation to Respondents and the Attorney General of Florida.

**DONE AND ORDERED** at Orlando, Florida this 16th day of August, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 8/16
Charles Vondez Horne

Department of Legal Affairs
Office of the Attorney General
444 Seabreeze Boulevard, 5th Floor
Daytona Beach, Florida 32118

Attorney General of Florida
The Capitol, PL-01
Tallahassee, Florida  32399-0810