UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES VONDEZ HORNE,

    Petitioner,

v.                                                      CASE NO. 6:06-cv-0317-Orl-31JGG

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). On May 19, 2006, Petitioner filed an amended petition. (Doc. No. 7). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought by Petitioner should not be granted. (Doc. Nos. 11 & 14). Thereafter, Respondents filed a second amended response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 18). Petitioner filed a reply to Respondents' second amended response. (Doc. No. 20).

Petitioner alleges two claims for relief in his amended habeas petition: first, that his trial counsel provided ineffective assistance "when counsel failed to move to dismiss a bias[ed] juror;" and second, that his trial counsel was ineffective by "conceding guilt without first gaining permission to do so from" Petitioner. (Doc. No. 7 at 6a-6d & 7a-7c).

*Procedural History*

Because Petitioner agrees with the statement,[1] and it comports with the record, the Court adopts the statement of procedural history set forth in Respondents' second amended response:

> On January 3, 2003, [Petitioner] was charged by Information in Seminole County, Florida, with one count of possession of cocaine with intent to sell or deliver, . . . and one count of sale of cocaine . . . . The State filed notice of intent to seek habitual felony offender sentencing.
>
> A trial by jury was held on July 28-29, 2003. While [Petitioner] was present for jury selection, he failed to appear for his trial, and the trial was conducted in his absence. Both sides stipulated that the substance was cocaine. The evidence at trial established that [Petitioner] sold cocaine to an undercover officer. . . . [and Petitioner] was found guilty on both counts.
>
> On July 30, 2003, [Petitioner] sent a letter to the clerk of the court indicating that he wanted to appeal his convictions. . . . On October 3, 2003, [Petitioner] was arrested. On November 5, 2003, [Petitioner] was adjudicated guilty and sentenced to a total sentence of 15 years incarceration as a habitual felony offender.
>
> [Petitioner] appealed his convictions and sentences . . . . On May 11, 2004, [Petitioner's] convictions were *per curiam* affirmed. *See Horne v. State*, 874 So. 2d 594 (Fla. 5th DCA 2004). . . . Mandate issued on May 28, 2004.
>
> On October 11, 2004, [Petitioner] turned over for mailing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). On October 20, 2004, the motion was summarily denied. . . . [Petitioner] appealed [and] . . . [o]n December 7, 2004, without requiring a response from the State, the summary denial of the motion was *per curiam* affirmed. *See Horne v. State*, 888 So. 2d 651 (Fla. 5th DCA 2004). Mandate issued on March 3, 2006.

(Doc. No. 18 at 1-3 (record citations omitted)).

On September 29, 2005, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Appendix E at 12-23). The state trial court denied Petitioner's Rule 3.850 motion on October 17, 2005, and Petitioner appealed. *Id.* at 24-39.

---

[1] In his Reply, Petitioner wrote that he "agrees with the Respondents' procedural history statement." (Doc. No. 20 at 1).

On February 14, 2006, the appellate court *per curiam* affirmed denial of Petitioner's Rule 3.850 motion. *Id.* at 57. Mandate issued on March 6, 2006. *Id.* at 58.

## *Governing Legal Principles*

**A.    Standard of Review Under the AEDPA**

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court]

on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under the AEDPA, a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.     Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of

---

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

*Analysis*

**A.     Claim One**

Petitioner contends he was denied ineffective assistance of counsel "when counsel failed to move to dismiss a bias[ed] juror." (Doc. No. 7). In support of this claim, Petitioner points to the following exchange between his counsel and a juror who was ultimately selected to serve on the jury, and who acted as the foreperson:

| [Petitioner's Counsel:] | Just the nature of the charge being drugs, do you still feel that you can be a fair and impartial juror? |
|---|---|
| Ms. Howell: | Sure. |
| [Petitioner's Counsel:] | You think that you will be able to follow the law as Judge Stephenson tells you? |

| | |
|---|---|
| Ms. Howell: | Sure. |
| [Petitioner's Counsel:] | How do you feel about our criminal system? |
| Ms. Howell: | I think that it's good because we need to stop a little bit more crime. |
| [Petitioner's Counsel:] | **And you are going to hear testimony tomorrow from police officers. Would you tend to believe them more than you would a layperson just because they are police officers coming in?** |
| Ms. Howell: | **Actually, I do – looking at a person and the way they present themselves is what I really look at.** |
| [Petitioner's Counsel:] | Judge Stephenson will in fact issue an instruction on the law that you are supposed to apply to that. |
| Ms. Howell: | **I don't think any law enforcement is out just to go put somebody in jail.** |
| [Petitioner's Counsel:] | Yes, ma'am. |
| Ms. Howell: | **They are doing their job.** |
| [Petitioner's Counsel:] | Thank you. |

(Appendix B at 39-40 (emphasis added)).  Petitioner also points to his counsel's seating of juror Nuckolls, as exemplifying his "counsel's lack of attention to detail during jury selection."

Petitioner presented the foregoing claim to the state trial court in his Rule 3.850 motion, and the claim was rejected.[3] (Appendix E at 24). In rejecting Petitioner's claim, the state trial court noted:

> [W]hen the jury was selected, [Petitioner] was asked if he was satisfied with the jury that was selected and whether he agreed with counsel's recommendations. [Petitioner] stated that he was satisfied. He cannot now complain that he wanted counsel to strike a juror when he agreed with the choices made during trial.

(Appendix E). This Court finds that the state court's rejection of this claim withstands review under the section 2254(d).

The state court's finding that Petitioner approved of Ms. Howell's presence on the jury is confirmed by the record:

> The Court:   Mr. Horne, are you satisfied with the selection of the jurors?
>
> [Petitioner:]   Yes, sir.

(Appendix B at 53). Further, the record does not reflect carelessness or inattention on the part of Petitioner's counsel during the voir dire process. Rather, Petitioner's counsel asked questions of every prospective juror and he exercised all of his peremptory challenges. (Appendix B at 50-53). The seating of juror Nuckolls, which Petitioner contends "exemplifies [his] counsel's lack of attention to detail during jury selection," was not due to lack of attention. Rather, it was a conscious choice by Petitioner's counsel made after he had used all his peremptory strikes and was faced with an unacceptable choice for an alternate juror:

---

[3] In assessing Petitioner's ineffective assistance of counsel claims, the state trial court did not cite the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). However, the state court is not required to cite United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

| | |
|---|---|
| The Court: | Okay. Mr. Nuckolls? |
| [The State:] | Acceptable to the State. |

\* \* \*

| | |
|---|---|
| [Petitioner's Counsel:] | He would be six? I will strike your Honor. |

\* \* \*

| | |
|---|---|
| The Court: | How about Edith McNeill for an alternate? |
| [The State:] | Acceptable to the State. |
| [Petitioner's Counsel:] | Judge, I would have to strike, I don't mind if the State -- |
| The Court: | Well is there somebody back there that you all would agree as far as the alternate goes? |
| [Petitioner's Counsel:] | I'm sure that we can agree on another alternate. In good conscience, I cannot have Ms. McNeil sit. . . . I will agree to another one. |
| [The State:] | Mr. Nuckolls? |
| [Petitioner's Counsel:] | Mr. Nuckolls would be fine. |
| The Court: | Nuckolls is the alternate. |

(Appendix B at 52-53).

Even if this Court were to find that Petitioner's counsel's handling of Ms. Howell was deficient, Petitioner cannot satisfy his burden of showing prejudice under *Strickland*. *See Babb v. Crosby*, 197 Fed. Appx. 885, *2 (11th Cir. 2006) (noting that the United States Supreme Court "has not concluded that a lawyer who leaves an arguably biased juror on a jury is *per se* ineffective"). The overwhelming evidence of guilt in this case precludes any finding that Petitioner suffered

prejudice. Just moments after a drug transaction by an undercover police officer, Petitioner was arrested with cocaine in his possession along with $30 in bills that had been marked to be used in the drug transaction. A recording made during the drug transaction included a description of Petitioner and the clothing he was wearing when arrested. Finally, the undercover police officer positively identified Petitioner as the person who sold him the cocaine. Under these circumstances, Petitioner simply cannot establish that he suffered prejudice as a result of his counsel's handling of voir dire.

**B.     Claim Two**

Petitioner contends that he was denied effective assistance of counsel "when counsel erred in conceding guilt without first gaining permission to do so from [Petitioner]." (Doc. No. 7, at 7a). Petitioner points to "two separate acts by counsel which conceded the guilt" Petitioner. *Id.* The first act was when Petitioner's counsel "stipulated to the State's evidence that the controlled substance allegedly sold and possessed by [Petitioner,] was cocaine." *Id.* The second act was "during closing argument, [when Petitioner's counsel] conceded that the [Petitioner] was guilty of possessing cocaine." *Id.* Petitioner points to the following portion of his counsel's closing argument: "It's hard for me to sit here and say he's not guilty of possession since he did get found with the cocaine on his person, however as far as the sale goes, ladies and gentlemen, I would submit that Mr. Horne is not guilty." (Appendix B at 126-127).

Petitioner presented the foregoing claim to the state trial court in his Rule 3.850 motion, and the claim was rejected. (Appendix E at 24). In rejecting Petitioner's claim, the state trial court held that given the difficult circumstances created by Petitioner's failure to appear at trial, counsel's actions could not be considered ineffective:

9

> Since [Petitioner] voluntarily absented himself from trial, counsel was required to concoct his own strategy without the input of [Petitioner]. Obviously, the Court could not inquire of [Petitioner] whether he approved of the strategy. [Petitioner] may not benefit in this manner because of his unexcused absence from trial. Looking at the record of the trial, concession of guilt of possession of cocaine, a lesser included offense to possession of cocaine with intent to sell or deliver, was a reasonable trial strategy. [Petitioner] was found with cocaine on his person when he was arrested. Concession of guilt to a lesser-included offense does not usurp [Petitioner's] right to plead not guilty. The case of *Florida v. Nixon*, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004) reaffirms this principle. Counsel was not ineffective in acting as he did in these difficult circumstances.

(Appendix E at 25). As with claim one, this Court finds that the state court's rejection of this claim withstands review under the section 2254(d).

First, Petitioner's contention that his counsel did not gain permission from Petitioner before stipulating "to the State's evidence that the controlled substance allegedly sold and possessed by [Petitioner,] was cocaine" is refuted by the record. The Court was advised of the stipulation in open court on July 28, 2003 – the one day that Petitioner showed up for his trial:

| [Petitioner's Counsel:] | . . . . We are stipulating that the substance seized was cocaine. |
|---|---|
| [The Court:] | So we won't have to bring in the people and go through those hoops and all that stuff. |
| [Prosecutor:] | Right. It will dispense with the lab analyst. |

(Appendix B at 5). Further, the written stipulation, which was filed with the state trial court the following day, bears Petitioner's signature. (Appendix A at 76). Accordingly, Petitioner cannot prevail on his claim that his counsel rendered ineffective assistance by entering into the stipulation without Petitioner's permission.

Petitioner's contention that his counsel rendered ineffective assistance in closing argument by conceding Petitioner's guilt to the lesser included offense of cocaine possession is also without

merit. As noted by the state trial court, counsel's decision in this regard is consistent with *Florida v. Nixon*, 543 U.S. 175 (2004). Therefore, this Court finds that the state court's decision was consistent with clearly established Federal law, as determined by the Supreme Court of the United States. Further, the state court's decision was based on a reasonable determination of the facts and the state court's application of clearly established federal law was not objectively unreasonable. Accordingly, Petitioner cannot prevail on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

*Conclusion*

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Charles Vondez Horne (Doc. No. 7) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 8th day of March, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 3/8
Counsel of Record
Charles Vondez Horne