UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES VONDEZ HORNE,

    Petitioner,

v.                                                  CASE NO. 6:06-cv-317-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

This case is before the Court on limited remand to determine when Petitioner's notice of appeal (Doc. No. 41) was delivered to prison officials for mailing. *See* Doc. No. 44. Petitioner's notice of appeal was neither dated nor date stamped indicating the day he turned over the document for mailing. Petitioner erroneously mailed the document to the Eleventh Circuit Court of Appeals, and it was received by the appellate court on February 5, 2009. It was forwarded to this Court on February 12, 2009, and on March 17, 2009, the Eleventh Circuit issued a remand for the limited purpose of determining when Petitioner's notice of appeal was delivered to prison officials for mailing.

Petitioner is incarcerated at South Bay Correctional Facility in South Bay, Florida. Respondents have submitted affidavits of both the mailroom and the library supervisors at South Bay Correctional Facility. *See* Doc. No. 46-2 at 3-4; Doc. No. 49-2 at 1-4. The supervisors assert that all inmate outgoing legal mail must go through the library or

mailroom at South Bay Correctional Facility. *Id*. They further assert that both the library and mailroom maintain mail logs for outgoing legal mail and there is no record of Petitioner turning any legal mail over to prison authorities in January or February 2009. *Id*.

The United States Supreme Court has held that a pro se prisoner's notice of appeal is filed at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266, 275 (1988). This rule, known as the "prison mailbox rule," is codified in Federal Rule of Appellate Procedure 4(c)(1), which provides as follows:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. **If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.** Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

(Emphasis added). The Eleventh Circuit has construed both the Supreme Court's holding in *Houston* and Rule 4(c)(1) to imply that a prisoner must first satisfy the requirement of Rule 4(c)(1) before the burden is shifted to the State to prove that the prisoner did not actually deliver his notice of appeal on the date asserted. *Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006) (explaining that prisoner must make the showing required by Rule 4(c)(1), after which the burden of proof shifts to the state to establish that mailing was not, in fact, delivered to prison authorities in a timely manner).

Here, Petitioner has failed satisfy the requirements of Rule 4(c)(1). Petitioner filed neither a notarized statement nor a declaration under penalty of perjury pursuant to 28

U.S.C. § 1746. He has made no explicit statement identifying the date on which he deposited his notice of appeal in the prison's internal mail system for mailing, and he has omitted any representation that first-class postage on any such mailing was prepaid. Moreover, Respondents have submitted evidence which indicates that South Bay Correctional Facility has a system in place designed for legal mail and there is no record of Petitioner using that system in January or February 2009. As such, Petitioner is not entitled to the benefit of the mailbox rule, and his notice of appeal must be deemed filed on February 5, 2009, the date it was received by the Eleventh Circuit. *See United States v. Westry*, No. 05-00206-WS, 2008 U.S. Dist. LEXIS 100221 (S.D. Ala. Dec. 11, 2008).

**DONE AND ORDERED** at Orlando, Florida this 1st day of May, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/1
Charles Vondez Horne
Counsel of Record
Eleventh Circuit Court of Appeals